IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DOMONA T. GRANDEL,**

      Petitioner,

v.                                           Civil Action No. **3:13CV548**

**HAROLD W. CLARKE,**

      Respondent.

MEMORANDUM OPINION

Domona T. Grandel, a Virginia state prisoner proceeding *pro se* and *in forma pauperis*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") challenging his conviction in the Circuit Court of the City of Williamsburg and the County of James City, Virginia ("Circuit Court"). In his § 2254 Petition, Grandel argues entitlement to relief based upon the following grounds:[1]

| | | |
|---|---|---|
| Claim One: | Counsel rendered ineffective assistance by: | |
| | (a) | "accept[ing] the position of the Commonwealth without developing adequate adversarial conflict" (State Pet. 11); |
| | (b) | "fail[ing] to inform [Grandel] on self-defense instruction" (*id.*); and, |
| | (c) | failing to question Investigator Gibbs about the statement of a witness (*id.* at 11–12). |
| Claim Two: | Counsel rendered ineffective assistance because he failed to preserve the argument for appeal that Grandel lacked the requisite intent to commit aggravated malicious wounding. (§ 2254 Pet. 7–9; State Pet. 14–16.) | |

---

    [1] Grandel lists rambling and semi-coherent claims in his § 2254 Petition and indicates that he raised the same claims in his state habeas petition. Respondent agrees that Grandel's "§ 2254 petition is nearly identical" to his state petition. (Br. Supp. Mot. Dismiss 3, ECF No. 12.) While the claims listed in his § 2254 Petition are not identical to the claims Grandel raised in his state petition, the Court follows Respondent's lead and addresses the claims Grandel raised in the state petition ("State Petition") attached to his § 2254 form. (*See* State Pet. 3–26, ECF No. 1–1.) The Court employs the pagination assigned by the CM–ECF docketing system for citations to and quotations from the State Petition.

Claim Three:   The Circuit Court engaged in judicial misconduct when it questioned
Grandel's witnesses. (§ 2254 Pet. 9; State Pet. 16–17.)

Respondent moves to dismiss the § 2254 Petition.   Despite providing Grandel with appropriate *Roseboro* notice[2] (ECF No. 13), Grandel failed to respond.   The matter is ripe for disposition.

## I. PROCEDURAL HISTORY

Following a jury trial, the Circuit Court convicted Grandel of aggravated malicious wounding and use of a firearm in the commission of a felony and sentenced him to a total of twenty-three years of incarceration.   *Commonwealth v. Grandel*, Nos. CR18609–00 and CR18673–00, at 1–2 (Va. Cir. Ct. Sept. 3, 2010).   Grandel appealed, and the Court of Appeals of Virginia denied the petition for appeal.   *Grandel v. Commonwealth*, No. 1885–10–1, at 1 (Va. Ct. App. Mar. 31, 2011).   The Supreme Court of Virginia refused Grandel's subsequent petition for appeal.   *Grandel v. Commonwealth*, No. 111209, at 1 (Va. Oct. 26, 2011).

Grandel filed a petition for a writ of habeas corpus in the Circuit Court raising the same claims as the instant § 2254 Petition.   *See* Petition for Writ of Habeas Corpus at 1–16, *Grandel v. Clarke*, No. CL12000530–00 (Va. Cir. Ct. filed Apr. 17, 2012).   Finding Grandel had defaulted Claim Three under *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974), and that Grandel failed to demonstrate ineffective assistance of trial counsel, the Circuit Court dismissed his petition. *Grandel v. Clarke*, No. CL12000530–00, at 2–8 (Va. Cir. Ct. Sept. 7, 2012.)   The Supreme Court refused his petition for appeal.   *Grandel v. Clarke*, No. 122046, at 1 (Va. Mar. 28, 2013).

## II. EXHAUSTION AND PROCEDURAL DEFAULT

State exhaustion "'is rooted in considerations of federal-state comity,'" and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies

---

[2] *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 & n. 10 (1973)). The purpose of the exhaustion requirement is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before he can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate "'opportunity'" to address the constitutional claims advanced on federal habeas. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)) (additional internal quotation marks omitted). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* (quoting *Duncan*, 513 U.S. at 365–66). Fair presentation demands that a petitioner must present "'both the operative facts and the controlling legal principles' associated with each claim" to the state courts. *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994–95 (4th Cir. 1994).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). A federal habeas petitioner also procedurally defaults claims when he or she "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (quoting *Coleman*, 501 U.S. at 735 n.1).[3] The burden of pleading and proving that a claim is procedurally defaulted rests with the state. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citations omitted). Absent a showing of cause and prejudice or his actual innocence, this Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

Here, the Circuit Court found Grandel procedurally defaulted Claim Three pursuant to the rule in *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974) because Grandel could have raised, but failed to raise, this claim at trial and on direct appeal. *Grandel v. Clarke*, No. CL12000530–00, at 7 (Va. Cir. Ct. Sept. 7, 2012.) *Slayton* constitutes an adequate and independent state procedural rule when so applied. *See Mu'Min v. Pruett*, 125 F.3d 192, 196–97 (4th Cir. 1997). Thus, Grandel has procedurally defaulted Claim Three unless he demonstrates cause and prejudice to excuse his default or his actual innocence. Grandel fails to do so. Accordingly, Claim Three will be dismissed.

---

[3] Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met." *Hedrick v. True*, 443 F.3d 342, 364 (4th Cir. 2006) (citing *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996)).

## III. THE APPLICABLE CONSTRAINTS UPON
## FEDERAL HABEAS CORPUS REVIEW

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

## IV.  EVIDENCE OF GRANDEL'S GUILT

In order to understand the factual basis behind several of Grandel's claims, the Court finds it necessary to summarize the evidence presented at trial against Grandel. Crystal Saunders and Brenda Cowles observed Grandel and Douglas Palmer walking on a path near Saunders's driveway as they arrived home. (June 23, 2010 Tr. 46, 60.) Grandel and Palmer began to exchange words and push one another. (June 23, 2010 Tr. 47–48, 61.) Cowles observed

Grandel lift his shirt and she saw a black handle in his pants. (June 23, 2010 Tr. 61.) Cowles yelled that Grandel had a gun, and Cowles, Saunders, and Saunders's daughter ran to the other side of Saunders's house. (June 23, 2010 Tr. 49, 61.) Saunders and Cowles then heard two or three gun shots. (June 23, 2010 Tr. 48, 62.) Saunders observed Grandel running away. (June 23, 2010 Tr. 50.) Saunders and Cowles walked back to her driveway and observed Palmer lying on the ground with a gunshot wound. (June 23, 2010 Tr. 50, 62.)

Palmer testified that his girlfriend, Lakita Gilyard, and Grandel's mother had a verbal altercation in Grandel's mother's house. (June 23, 2010 Tr. 67–68.) Palmer and Lakita left the house and walked to the "cut-through," where they encountered Grandel. (June 23, 2010 Tr. 69.) Grandel asked Palmer what had happened with his mother, and Grandel "poked [Palmer] in the [his] face and [Palmer] struck [Grandel]" in the chest or shoulder area with his fist. (June 23, 2010 Tr. 69–70.) Palmer explained that Grandel "stagger[ed] back a little bit and [Palmer] observed him reach in his pocket." (June 23, 2010 Tr. 70.) Palmer "didn't know what it was [in Grandel's pocket]. So [Palmer] turned around and ran. And at that point, [Palmer] heard a gunshot . . . . [and] got behind a car" in the driveway. (June 23, 2010 Tr. 70.) Palmer stood up and told Grandel "if he was going to shoot me, shoot me." (June 23, 2010 Tr. 71.) At this point, Palmer observed no gun and Grandel said nothing more, so Palmer started to turn and walk away. (June 23, 2010 Tr. 71.) Palmer explained: "That's when I heard a shot and felt a ringing in my ears, and I fell." Palmer testified that he never felt the bullet hit but "heard ringing in my ears, real loud ringing, and I couldn't move my legs." (June 23, 2010 Tr. 71.) The bullet traveled through Palmer's left shoulder, came out on the side of his chest, struck his lung, bounced off his pelvis, and lodged at the base of his spine. (June 23, 2010 Tr. 72.)

Katrice Gray testified that she was in her front yard, across the street, and observed Palmer "in Mr. Grandel's face." (June 24, 2010 Tr. 162, 164.) She then observed Palmer drop a silver gun. (June 24, 2010 Tr. 162, 172.) Gray testified that she observed nothing else because she entered her house with her kids. (June 24, 2010 Tr. 163.) Gray agreed that she gave a previous statement to Investigator Gibbs that she saw Grandel pick up the dropped gun, but testified at trial that she actually never saw Grandel pick up the gun, but just "went by what I would do" with the gun. (June 24, 2010 Tr. 173.) Gray also testified that she "never heard any gunshots." (June 24, 2010 Tr. 174.)

## V.   INEFFECTIVE ASSISTANCE

To demonstrate ineffective assistance of counsel, a convicted defendant must show, first, that counsel's representation was deficient and, second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

In Claim One (a), Grandel faults counsel for "accept[ing] the position of the Commonwealth without developing adequate adversarial conflict." (State Pet. 11.)   In summarizing Grandel's vague argument and rejecting this claim, the Circuit Court explained:

> In support of this claim, Grandel points to statements at the beginning of the trial where the judge asked if the parties were ready to proceed. Both parties indicated they were missing some witnesses. The judge suggested arraigning the defendant and then giving both parties an opportunity to find their witnesses.   The prosecutor and defense counsel agreed and a brief recess was taken after the arraignment so that the parties could locate their witnesses.
>     Under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), Grandel has the burden to show both that his attorney's performance was deficient and that he was prejudiced as a result. Grandel "does not identify with specificity any act or omission of counsel which was objectively unreasonable." *Muhammad v. Warden*, 274 Va. 3, 19, 646 S.E.2d 182, 195 (2007). "Although there are basic rights that the attorney cannot waive without the fully informed and publicly acknowledged consent of the client, the lawyer has-and must have-full authority to manage the conduct of the trial." *Taylor v. Illinois*, 484 U.S. 400, 417–18 (1988). "Scheduling matters are plainly among those for which agreement by counsel generally controls." *New York v. Hill*, 528 U.S. 110, 115 (2000). Here, it was reasonable for Grandel's counsel to agree to briefly delay the start of the trial so that both parties could locate their witnesses. In addition, Grandel has not shown prejudice since he benefitted from the delay. Because Grandel has failed to satisfy either prong of the *Strickland* test for ineffective assistance of counsel, claim (A)(l) is dismissed.

*Grandel v. Clarke*, No. CL12000530–00, at 2–3 (Va. Cir. Ct. Sept. 7, 2012.) The Court discerns no unreasonable application of the law or an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)–(2). Grandel fails to specifically identify any error of counsel or resulting prejudice from counsel's agreement to a brief recess to locate both Grandel's and the Commonwealth's witnesses.   Because Grandel demonstrates neither deficiency of counsel nor resulting prejudice, Claim One (a) will be DISMISSED.

In Claim One (b), Grandel claims that counsel "fail[ed] to inform [Grandel] on the self-defense instruction before entering suc[h] instruction to the jury as a[ ] defense . . . ." (State Pet. 11.) Grandel believes that the self-defense jury instructions were inconsistent with his not guilty

plea. (*Id.* at 5.) In summarizing and rejecting this claim, the Circuit Court made the following findings:

> A review of the record, including affidavit of counsel, shows that Grandel has not met his burden under *Strickland.* The self defense instructions were offered with Grandel's consent. "Where a defendant, fully informed of the reasonable options before him, agrees to follow a particular strategy at trial, that strategy cannot later form the basis of a claim of ineffective assistance of counsel." *United States v. Weaver*, 882 F.2d 1128, 1140 (7th Cir. 1989); *United States v. Williams*, 631 F.2d 198, 204 (3d Cir. 1980) (no ineffective assistance of counsel where defendant ultimately concurred in his trial counsel's tactical decision). "To allow that would be to exempt defendants from the consequences of their actions at trial and would debase the right to effective assistance of counsel enshrined in the sixth amendment." *Weaver*, 882 F.2d at 1140.
>
> Moreover, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland,* 466 U.S. at 690. Here, one of Grandel's witnesses, Katrice Gray, testified the victim had a gun. Defense counsel therefore pursued a strategy which would have allowed the jury to conclude that if Grandel shot the victim, the shooting was done in self defense. Grandel has not demonstrated that counsel's strategic decision was objectively unreasonable, or that he was prejudiced by this strategy. Because Grandel has failed to satisfy either prong of the *Strickland* test for ineffective assistance of counsel, claim (A)(2) is dismissed.

*Grandel*, No. CL12000530–00, at 4. The Court discerns no unreasonable application of the law or an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)–(2). Grandel fails to demonstrate any prejudice from counsel's purported failure to "inform" Grandel of counsel's intent to seek self-defense jury instructions. As counsel explained, some evidence existed to support the self-defense theory because Katrice Gray testified that she saw the victim with a gun prior to the shooting. (Br. Supp. Mot. Dismiss Ex. 6, at 1, ECF No. 12–7; *see* June 24, 2010 Tr. 162, 172.) Thus, counsel reasonably submitted the self-defense instructions to be offered to the jury. Grandel also fails to proffer and the Court fails to discern how a self-defense theory runs counter to the entry of a non-guilty plea. Grandel contends that the "self-defense argument lack[ed] merit," but provides no support for his conclusion and proffers no alternative defense

that counsel should have pursued. (State Pet. 13.) Because Grandel fails to demonstrate any

prejudice from counsel's actions, Claim One (b) will be DISMISSED.

In Claim One (c), Grandel faults counsel for failing to "question Investigator William

Gibbs about taking a statement from [Katrice Gray] on the day of the incident" or how he

"[came] in contact with Ms. Gray concerning this incident." (State Pet. 11.) In rejecting this

claim, the Circuit Court made the following findings:

> The *Strickland* standard was not intended to promote judicial second
> guessing on questions of strategy as basic as the handling of a witness. *Sallie v.*
> *North Carolina*, 587 F.2d 636, 640 (4th Cir. 1978). Indeed, knowing when not *to*
> cross-examine or to limit its scope is a hallmark of effective advocacy. *United*
> *States v. Clayborne*, 509 F.2d 473, 479 (D.C. Cir. 1974). Counsel's tactical
> decision not to question Investigator Gibbs should not be second-guessed. *See*
> *Sallie*, 587 F.2d at 640; *Johnson v. Riddle*, 222 Va. 428, 433, 281 S.E.2d 843, 846
> (1981). Furthermore, Grandel has not identified how questioning Investigator
> Gibbs about his contact with Ms. Gray would have changed the outcome of the
> trial. *See Muhammad*, 274 Va. at 19, 646 S.E.2d at 193 (dismissing claim where
> petitioner failed to identify with specificity factual basis to support claim).
> Grandel therefore has failed to satisfy either prong of the *Strickland* test for
> ineffective assistance of counsel.

*Grandel*, No. CL12000530–00, at 5. The Court discerns no unreasonable application of the law

or an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)–(2). Gray provided

favorable testimony for the defense and consistently stated she observed the victim with a gun

before the shooting. Gray also admitted at trial that she never actually saw Grandel pick the gun

up, as she had previously stated to police. Thus, counsel reasonably refrained from questioning

Investigator Gibbs about Gray's prior statement to police.

Grandel also fails to proffer how his vague proposed line of questioning would have

impeached or otherwise discredited Investigator Gibbs's or Gray's testimony. *See United States*

*v. Terry*, 366 F.3d 312, 316 (4th Cir. 2004) (requiring "concrete evidence" of exculpatory

testimony); *Bassette v. Thompson*, 915 F.2d 932, 940–41 (4th Cir. 1990) (requiring proffer of

mitigating evidence to state a claim of ineffective assistance).   Grandel fails to demonstrate any

deficiency of counsel or that, but for counsel's failure to cross-examine Investigator Gibbs about

Ms. Gray's statement, a jury would have found him not guilty.   Claim One (c) will be

DISMISSED.

In Claim Two, Grandel claims that counsel failed to argue during the motion to strike that

Grandel lacked the requisite intent to commit aggravated malicious wounding, thus, counsel

deficiently failed to preserve the issue for appeal. (State Pet. 14–16.) In rejecting this claim, the

Circuit Court explained:

> In his petition for appeal, Grandel argued, among other things, the evidence failed
> to prove he had the requisite intent to commit aggravated malicious wounding.
> The Court of Appeals of Virginia found that Grandel had not presented this
> argument to the trial court in his motions to strike or in a motion to set aside the
> verdict. Therefore, the Court of Appeals held Rule 5A:18 barred its consideration
> of this issue on appeal.  Grandel's counsel believed the issue was subsumed by
> the argument on the issue of malice.
>
> Grandel has failed to demonstrate prejudice under *Strickland* because he
> cannot show that counsel's intent argument would have had a reasonable
> probability of success on appeal.  To support a conviction for malicious wounding
> under Code § 18.2-51, the Commonwealth must prove that the defendant inflicted
> the victim's injuries "maliciously and with the intent to maim, disfigure, disable
> or kill." *Campbell v. Commonwealth*, 12 Va. App. 476, 483, 405 S.E.2d 1, 4
> (1991) (en banc).  A defendant's intent may be inferred from the facts and
> circumstances of a particular case. *Hernandez v. Commonwealth*, 15 Va. App.
> 626, 631, 426 S.E.2d 137, 140 (1993). The inferences to be drawn from proven
> facts, so long as they are reasonable, are within the province of the fact finder.
> *Johnson v. Commonwealth*, 209 Va. 291, 295, 163 S.E.2d 570, 574 (1968).  The
> fact finder may infer that a person intends the immediate, direct, and necessary
> consequences of his voluntary acts. *Stokes v. Warden*, 226 Va. 111, 117, 306
> S.E.2d 882, 885 (1983).  Where one wounds another with a deadly weapon, the
> law, in the absence of evidence to the contrary, imputes the malicious intent.
> *Gills v. Commonwealth*, 141 Va. 445, 449, 126 S.E. 51, 53 (1925).  In this case,
> the jury could have concluded, based on Grandel's use of a deadly weapon, he
> acted with the "intent to maim, disfigure, disable or kill" the victim.  Thus,
> Grandel has not shown a reasonable probability that, had counsel preserved the
> argument, his case would have been reversed on appeal. *See Williams v. Warden
> of Sussex I State Prison*, 278 Va. 641, 648, 685, S.E.2d 674, 678 (2009) (holding
> petitioner could not prove prejudice where he failed to show a reasonable
> probability that his appeal would have been successful).

*Grandel*, CL12–530, at 5–7. Grandel fails to demonstrate that the Circuit Court's conclusion is incorrect, much less unreasonable. *See* 28 U.S.C. § 2254(d)(1)–(2). First, while Grandel faults counsel for failing to preserve the issue, he points to no evidence that counsel could have used to support an argument that he lacked the requisite intent to commit malicious wounding. Second, as discussed below, a review of the record demonstrates that compelling evidence existed for the jury to find Grandel guilty of aggravated malicious wounding, thus, he fails to establish prejudice from counsel's omissions.

In Virginia, "[i]f any person maliciously shoot, stab, cut, or would any person or by any means cause him bodily injury, with the intent to maim, disfigure, disable, or kill, he shall . . . be guilty of a Class 3 felony." Va. Code Ann. § 18.2–51 (West 2014). "'[T]he specific intent to maim, etc., may be evidenced by words or inferred from acts and conduct under the rule that a person is presumed to have intended the natural and probable consequences of his voluntary act.'" *Fitzgerald v. Kelly*, No. 7:09–cv–00155, 2010 WL 725564, at *12 n.6 (W.D. Va. Feb. 26, 2010) (quoting *Fletcher v. Commonwealth*, 166 S.E. 2d 269, 272 (Va. 1969)).

Grandel offers no facts to support the conclusion that he lacked the requisite intent to wound Palmer. Instead, compelling circumstantial evidence existed that Grandel intended to maim, disfigure, disable or kill Palmer. Many witnesses testified that they observed Palmer and Grandel involved in a physical altercation and one witness testified that she saw a gun in Grandel's pants. Several witnesses heard shots fired, and Palmer sustained a gunshot wound in his back as he walked away from Grandel. Grandel fled the scene and Palmer remained lying on the ground. While Gray testified that she saw Palmer with a gun, she also stated that Palmer dropped the gun on the ground prior to shots being fired. Grandel makes no argument that he accidentally fired the gun, or that he fired the gun without the intent to hit Palmer, however, even

12

if he did, the "natural and probable consequences" of firing a gun are that the bullet will hit the victim and cause him or her serious injury. *Adams v. Commonwealth*, 534 S.E.2d 347, 351 (Va. Ct. App. 2000) (citation omitted) (quotation marks omitted); *Fletcher*, 166 S.E.2d at 272. Grandel's action in firing the gun as Palmer walked away support an inference that he possessed the requisite intent to maim, disfigure, disable or kill Palmer.   Thus, the Court finds no reasonable probability that Grandel would have succeeded on an appellate challenge that he lacked the requisite intent for aggravated malicious wounding.   Because Grandel fails to demonstrate prejudice from counsel's purported error, Claim Two lacks merit and will be DISMISSED.

## VI.   CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 10) will be GRANTED.  Grandel's claims will be DISMISSED and his § 2254 Petition will be DENIED. The action will be DISMISSED.  A certificate of appealability will be DENIED.[4]

An appropriate Final Order shall issue.

Date: 8/7/14
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge

---

[4] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A).  A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).  Grandel fails to meet this standard.